UNDERHILL and others, Exrs., v. FLEET and others.

Where a will directs a sum to be invested for a term of years, at the end of which the whole sum of principal and interest is to be equally divided among a number of legatees, or their legal representatives, with permission to the trustees in the meantime to make advances of interest, such advances are to be charged to the shares of the parties receiving them.

"Legal representatives," as thus used, means children or next of kin, and not executors or administrators.

The bequest of the whole interest of the fund, vests the legacy at the death of the testator.

SAMUEL HAVILAND died in July, 1827, having made a will wherein he devised all the residue of his estate, with direction to his executors to put it out on interest, on good security, for twenty years, the interest to be used during that time for the assistance of eight legatees named, or their legal representatives, provided they should be destitute or needy; but such of the interest as they should not thus use they were to invest on interest, and, at the end of the twenty years, the whole sum of principal and interest to be equally divided among those legatees, or their legal representatives.

To three of the legatees advances of interest had been made in different sums. Four of the legatees died, leaving children them surviving. And one of the legatees had assigned his share in both principal and interest.

The executors filed their bill in equity, to obtain the direction of the court upon the following questions: Whether the legatees to whom advances were to be made were to be charged therewith, as part of their respective shares of the interest, or

whether such advances were to be taken out of the whole sum of interest and the residue be equally divided among all? Whether by "legal representatives" of the legatees was meant their next of kin, or their executors or administrators? and whether the legacies vested, so that a legatee could assign his interest and the executors be bound to pay that share to the assignees?

*Edmonds, J.:* Upon the question whether the shares of John Fleet, George Wicks and Nancy Watts are to be charged with the advances made to them, or their representatives, I entertain no doubt. The intention of the testator is the guide here, as elsewhere, where it can be ascertained, and is consistent with the rules of law. His direction is, for his executors to use the interest accruing within the twenty years for the assistance of his legatees who should be destitute or needy. But if it should not be found necessary to expend the whole of the interest in that manner, then such of the interest as should not thus be expended should be added to the principal, and, at the end of the twenty years, the whole sum of principal and interest should be equally divided.

It was evidently the intention of the testator to keep together, for twenty years, the residuum of his estate, to have it in the meantime accumulate and increase by the interest it might earn, and then to have it divided equally among the objects of his bounty, himself showing no preference of one over the other. The only exception to this is, in the case of those who should be destitute or needy, and to them the sole preference shown was, that they might enjoy the interest in the meantime.

His main objects being an accumulation for a certain period and an equal division at the end of it, and the exception being that for the necessitous, the time for enjoying a portion of his bounty might be hastened.

His direction was that the whole residuum should be put out at interest, and "the whole sum of principal and interest" should be divided, etc. By "the whole sum of principal," we

understand the entire bulk of the residuum, without any exception. Upon what principle can we attach a different meaning to "the whole sum of interest"? Surely "the whole sum of interest" means all the interest which the principal may earn during the twenty years. If it means less than this, how much less? There was no limit to the discretion of the executors. If only one of the legatees had been needy, they might have given to him all the interest that was earned. If they had done so, and then the principal was to be equally divided among all, how could there be an equal division of "the whole sum of principal and interest," unless the recipient of this interest should be charged with it toward his share. There might, indeed, be an equal division of the principal. but the division of the interest would be quite otherwise. The only way in which the testator's intention of having his legatees share alike, and of having the interest as well as the principal divided equally among them, can be carried into effect will be to charge the shares in question with the advances made to them, and there must be a decree accordingly.

It will be observed that there are no specific words of devise or bequest of the residuum. That clause in the will contains only a direction to the executors to put it out on interest for twenty years, and, at the end of that time, to divide the whole sum, principal and interest, among the legatees named.

There is no bequest to them "at" the end of twenty years, or, "when" that term shall expire — none of those phrases used, which have been construed to import that the gift was to be conditional — to depend upon the happening of some event, such as marriage or attaining the age of twenty-one. Nothing is said in the will about the legatees living or not at the end of the twenty years — the event on which the distribution is to be made, is certain, not contingent, as certain as time, for twenty years must roll away, and when it has, the direction is that the residuum be divided. There are no words used in this respect, whose settled construction compels us to declare the legacy lapsed in case of death, but we are left free to seek for the intention.

The testator has made no bequest over, in case the legacy should lapse.

If it is lapsed, it must descend to his heirs at law, or next of kin. Yet, this being a devise of "all the residue and remainder of his estate," it is most manifest that he intended by his will to dispose of all he had and to leave nothing to descend to his heirs or next of kin, as such.

He has, however, made a provision for the event of any of the legatees dying before the expiration of the twenty years. It must go to "their legal representatives." Now, whether those words are to be understood as meaning the heirs, executors, administrators, or next of kin of the legatees — and, under certain circumstances, they may be understood in either sense — they show clearly that the testator did not mean that any part of the residuum should go to his legal representatives as undisposed of by his will.

And the "legal representatives," who are to take on the death of any of the legatees, are to take, not as claiming from or through the testator, but only from and through the legatees, which they could not do, unless the legatees had been vested with an interest capable of descending, or passing to their representatives.

Again, the discretion vested in the executors to dispose of the intermediate interest, helps to ascertain and fix the intention. They may use the whole of it, in their discretion, for the assistance of the legatees.

Is it at all likely that the testator intended that those who were destitute might enjoy the full benefit of the interest, but that those who were not destitute should not in case of their death? Such would be the effect unless the legacy of the residue vested, and it would involve an incongruity of disposition utterly at variance with the testator's intention. Here, too, by the use of the phrase "their legal representatives," the testator has shown his intention as to the disposition to be made in case of the death of any one of the legatees. Those words, as here used, evidently do not mean executors or administrators, but children, or next of kin, and the intention is

evident that, in case any of the legatees should die before the end of the twenty years, their children, if destitute, should at once, at the discretion of the executors, come into the enjoyment of at least a portion of the interest. How could that be, if the legacy lapsed by the death of the legatee before the end of the twenty years?

These various considerations show, very satisfactorily to my mind, that it was not the intention of the testator that the legacy should lapse, and that it was the intention that it should vest, so that the legatees, if living, and their children or kin, in case of death, should enjoy the whole residuum of the testator with its accumulations of twenty years.

There is a principle of law applicable to this case which is equally decisive on this point. Where the legacy is accompanied by an absolute gift of the interest upon it, it is a well established rule that the legacy vests. (*Hanson* v. *Graham*, 6 Ves. 247; *Fonerau* v. *Fonerau*, 1 Ves. Sen. 118; *Green* v. *Pigot*, 1 Bro. Ch. C. 104; *Cave* v. *Cave*, 2 Vern. 508; *Patterson* v. *Ellis*, 11 Wend. 274, 298.) Here the whole interest is given and to these legatees, a part, during the twenty years, to such as might be destitute, and at the end of that time the whole sum of both principal and interest.

Agreeable, then, to the intention of the testator and the established rules of law, there must be a decree that the legacy of the residuum vested, at the death of the testator, in the legatees named.